Argued October 22, affirmed December 8, 1975

PETERSBURG EDUCATION ASSOCIATION,
*Petitioner. v.* PETERSBURG SCHOOL
DISTRICT No. 14 ET AL (No. C-202,
CA 4830), *Respondents.*
543 P2d 35

*Henry H. Drummonds,* Eugene, argued the cause for petitioner. With him on the brief were Kulongoski, Heid, Durham & Drummonds, Eugene.

*M. D. Van Valkenburgh,* The Dalles, and *Lester V. Smith,* Portland, argued the cause for respondent Petersburg School District No. 14. With them on the brief were Heisler & Van Valkenburgh, The Dalles, and Davies, Biggs, Strayer, Stoel and Boley, Portland.

No appearance for respondent Public Employe Relations Board.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

SCHWAB, C. J.

Respondent, Petersburg School District No. 14, is a public employer as defined by ORS 243.650(18). Complainant, Petersburg Education Association, is a labor organization, as defined by ORS 243.650(12), which represents the teachers. Marcia Hallet, a non-tenured elementary teacher, was an employe of respondent.

Complainant filed a complaint with the Public Employe Relations Board (PERB)[1] charging that respondent's failure to renew Mrs. Hallet's teaching contract was an unfair labor practice in violation of ORS 243.672(1)(a) and (c)[2] since it was due

---

[1] The name of the Public Employe Relations Board is now the Employment Relations Board. Oregon Laws 1975, ch 147, § 11.

[2] ORS 243.672 provides:

"(1) It is an unfair labor practice for a public employer

to her participation in teachers' labor organization activities. PERB held against complainant.

The main thrust of complainant's argument revolves around a letter written by Mrs. Hallet. On January 23, 1974, respondent's superintendent, Joe Stewart, gave Mrs. Hallet what she regarded as an unfavorable evaluation of her performance.

On January 24, 1974, a letter was written over Mrs. Hallet's signature and sent to the chairman of the School Board. PERB found that the letter was

"* * * personally critical of Superintendent Joe Stewart and expressed concern for certain actions by Joe Stewart which were viewed by Mrs. Hallet as threats, harassment, intimidation, and general vindictiveness towards her as a result of her position as spokesman for the Teachers' Negotiations Team. The letter made several references to alleged conduct of or incidents involving Joe Stewart, extending over a two-year period."

On January 30, 1974, the other teachers sent a letter to the chairman of the School Board indicating

---

or its designated representative to do any of the following:

"(a) Interfere with, restrain or coerce employes in or because of the exercise of rights guaranteed in ORS 243.662.

"* * * * *

"(c) Discriminate in regard to hiring, tenure or any terms or condition of employment for the purpose of encouraging or discouraging membership in an employe organization * * *.

"* * * * *."

ORS 243.662 provides:

"Public employes have the right to form, join and participate in the activities of labor organizations of their own choosing for the purpose of representation and collective bargaining with their public employer on matters concerning employment relations."

that they participated in the drafting of Mrs. Hallet's letter and that they concurred in its contents.

At the February 14, 1974 School Board meeting, the Board voted not to renew Mrs. Hallet's teaching contract for the 1974-75 school year.

As a result of the hearing on the complaint, PERB held:

"1. The termination of the employment of Marcia Hallet by the Petersburg School District * * * was not improper interference, restraint, or coercion of employes in or because of the exercise of rights guaranteed in ORS 243.730 [renumbered 243.662].

"2. * * * [It] was not improper discrimination in regard to tenure for the purpose of encouraging or discouraging membership in an employe organization."

■ We may reverse here only if we find that PERB's order is "not supported by reliable, probative and substantial evidence in the whole record." ORS 183.-480(7)(d). The January 24 letter was in itself sufficient to prove a personal conflict between Mrs. Hallet and the superintendent and to support a finding that the School Board failed to renew her contract for this reason—not because of union activities.

■■ There was evidence that the School Board's decision was motivated in part by Mrs. Hallet's advocacy of a kindergarten program and by a mistaken belief that she had deliberately failed to attend a Board meeting when she had been instructed to do so. Complainant contends that these reasons are not lawful grounds for termination of a teacher. Assuming, *arguendo*, that there is any merit in these contentions, PERB properly disregarded them. PERB's duties in the administration of the collective bargaining laws include conducting proceedings on com-

plaints of unfair labor practices[3] as defined by ORS 243.672.[4] These contentions do not fall within the scope of that statute or the complaint in this case.

If Mrs. Hallet can prove that she was terminated for some unlawful reason other than an unfair labor practice, her remedy lies elsewhere. *Tupper v. Fairview Hospital,* 22 Or App 523, 540 P2d 401 (1975); *Schlichting v. Bergstrom,* 13 Or App 562, 511 P2d 846 (1973).

In considering the scope of 29 USC § 158 (1970) of the federal Labor-Management Relations Act, after which ORS 243.672 is patterned, the Court of Appeals for the Eighth Circuit stated:

"* * * [T]he question is not whether they [the discharges] were merited or unmerited, just or unjust, nor whether as disciplinary measures they were mild or drastic. * * * [*T*]*he jurisdiction of the Board* [*is*] *limited to whether or not the discharges were for union activities or affiliations of the employees.*" National Labor Relations Bd. v. Montgomery Ward & Co., 157 F2d 486, 490 (8th Cir 1946). (Emphasis supplied.)

Affirmed.

---

[3] ORS 243.766(3).

[4] ORS 240.086 lists other duties of PERB which it must exercise in its supervision of the state Merit System Law which have no relation to the termination of local school district teachers. *See generally* ORS ch 240.