Argued November 26, affirmed December 29, 1975

PHILLIPS, *Petitioner, v.* DEPARTMENT OF
REVENUE ET AL (CA 4946), *Respondents.*

544 P2d 196

*John S. Irvin,* Salem, argued the cause and filed the brief for petitioner.

*Catherine Allan,* Assistant Attorney General, Salem, argued the cause for respondents. With her on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and THORNTON and LEE, Judges.

THORNTON, J.

Petitioner appeals from a decision of the Public Employe Relations Board (PERB)[1] which ruled that she was not entitled to promotion from Clerk 3 to Revenue Agent 2.[2]

Petitioner has been employed by respondent Department of Revenue since 1955. In March of 1974 she requested respondent to reclassify her as a Revenue Agent 2, contending that she was doing the duties of that position and that she had been denied promotion because of her sex. At about the same time petitioner filed sex discrimination charges with the Oregon Bureau of Labor and the federal Equal Employment Opportunity Commission (EEOC).

The hearings examiner found for petitioner on both grounds but PERB reversed, finding that petitioner was not performing the duties of a Revenue Agent 2. PERB deferred consideration of the sex discrimination charge pending determination of that issue by either the Bureau of Labor or EEOC.

We must affirm PERB's ruling that petitioner was not performing the duties of Revenue Agent 2 if that decision is supported by reliable, probative and substantial evidence. ORS 183.480(7)(d). Here we find such evidence. Personnel Analyst Betty Spelbrink of the Personnel Division testified that peti-

---

[1] The Public Employe Relations Board has been renamed the Employment Relations Board by the legislature. Oregon Laws 1975, ch 147, § 10 (amending ORS 240.060, effective July 1, 1975). Since it was PERB when petitioner filed her original complaint, we refer to it in that way.

[2] Respondent reclassified petitioner to Clerk 4 after she brought this action.

tioner did not perform the duties of a revenue agent. Specifically she stated that petitioner did not make field collections, recommend compromises, analyze financial statements or make field investigations, all duties which revenue agents are required to perform.

■ We next consider petitioner's claim that PERB erred in not considering her sex discrimination charge. We have previously held that PERB is a statutory body which can only decide matters the legislature has authorized it to determine. *See, Petersburg Ed. Assn. v. Sch. Dist. 14,* 23 Or App 482, 543 P2d 35 (1975); *cf., Tupper v. Fairview Hospital,* 22 Or App 523, 540 P2d 401 (1975).

Petitioner contends that ORS 240.086(2) not only authorizes PERB to consider her claim of sex discrimination but requires it to do so. ORS 240.086(2) provides that the board shall:

> "Review any personnel action that is alleged by an affected party * * * to be arbitrary or *contrary to law* or rule * * * and set aside such action if it finds these allegations to be correct. * * *" (Emphasis supplied.)

As we understand petitioner's argument, she is contending that sex discrimination is "contrary to law" and that PERB must therefore consider her claim.

The only Oregon statutory provision we find making sex discrimination in employment illegal is ORS 659.030. That section makes sex discrimination in employment an "illegal employment practice" but only so for the purposes of ORS ch 659. Sex discrimination in employment is illegal by virtue of federal law, however. 42 USCA § 2000e-2(a)(1).

■■ PERB is a state body set up to consider a limited group of issues arising out of employment grievances. The matters it may consider are specifically set

out in ORS ch 240 and ch 243. As we in effect held in *Petersburg,* "contrary to law" means contrary to any provision of law within the ambit of PERB's jurisdiction and authority.

■■ The only antidiscrimination authority given PERB is set out in ORS 240.560. It concerns suspensions, reductions, demotions and dismissals, and does not refer to discrimination on account of sex. Petitioner's action does not come within ORS 240.560. We conclude that if the legislature had intended PERB to have the authority to hear discrimination charges of this type, it would have specifically granted PERB that authority, as it did to hear discrimination-related dismissals in ORS 240.560.

■ Secondly, the legislature has specifically granted to another agency, the Bureau of Labor, authority over sex discrimination charges. ORS ch 659 specifically deals with the enforcement of civil rights. It declares that discrimination on the basis of sex in employment is contrary to the public policy of the state, ORS 659.020, and that such discrimination is an unlawful employment practice, ORS 659.030. Additionally, ORS ch 659 provides procedures for the filing of complaints with the Commissioner of Labor, ORS 659.040, for the conciliation of disputes, ORS 659.050, for an agency hearing, ORS 659.060, and for judicial review of decisions made, ORS 659.085.

■ We conclude that the legislature, by establishing a specific procedure by which the Bureau of Labor would hear discrimination charges of this type, intended that it perform that function exclusively.

Accordingly, PERB was without jurisdiction to hear petitioner's sex discrimination charge.

Affirmed.